E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**19-C-03355-S4**
5/23/2019 2:48 PM

*[signature]*
CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

JOHNATHAN ERLER, GRANT SHINDO, CYNTHIA MOREN, RYAN JAQUES, THOMAS BELLO, JORDAN POLLACK, MICHAEL APPERSON, AARON PINKHAM, ANDREW SCHWEIG, ALDEN RANDALL, MICHAEL RANTON, BRANDON PETTIT, THOMAS RODRIGUEZ, BILAL AWADALLAH. IZAAK KEMP, THOMAS COX, MARK LAROCHE, TRAVIS HENLEY, IAN NYTES, MITCHELL LEVY, ULISES MORENO-ORTEGA, JAMES LEA, CHARLES DECELLES, CAMERON BURGER, NATHAN KUJACZNSKI, MICHAEL LEE, JARED LIEBOWITZ, and AARON SMITH, Individually, and on Behalf of a Class of Similarly Situated Persons,

      Plaintiffs,

v.

HASBRO, INC., and
WIZARDS OF THE COAST, LLC,

      Defendants.

CIVIL ACTION NO.

19-C-03355-S4

### FIRST AMENDED CLASS ACTION COMPLAINT

Hasbro, Inc. ("Hasbro"), a toy and board game company, acting in concert with its subsidiary, Wizards of the Coast, LLC ("Wizards"), listed for purchase one of its collectable card-game products, Magic the Gathering, War of the Spark Mythic Edition ("WSME"), on Hasbro's eBay store. Plaintiffs and the proposed class members entered into a binding contract to purchase WSME on Hasbro's eBay store and received written confirmation of their purchase. Defendants then unilaterally cancelled the sales contract of Plaintiffs, and other similarly situated persons, without legal authority. Plaintiffs and the proposed class members were thus denied the benefit of their purchase. Because WSME was a limited-edition product that is now sold out,

Plaintiffs and the proposed class members can now only obtain WSME at its substantially higher fair market value.

I.    PARTIES

1.    Plaintiff Johnathan Erler is a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent.  Plaintiff Johnathan Erler is a citizen and resident of Gwinnett County, Georgia.  By bringing this action, Plaintiff Johnathan Erler avails himself of the jurisdiction of this Court.

2.    Plaintiff Grant Shindo is a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent.  Plaintiff Grant Shindo is a citizen and resident of Hawaii.  By bringing this action, Plaintiff Grant Shindo avails himself of the jurisdiction of this Court.

3.    Plaintiff Cynthia Moren is a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent.  Plaintiff Cynthia Moren is a citizen and resident of California.  By bringing this action, Plaintiff Cynthia Moren avails herself of the jurisdiction of this Court.

4.    Plaintiff Ryan Jaques is a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent.  Plaintiff Ryan Jaques is a citizen and resident of Colorado.  By bringing this action, Plaintiff Ryan Jaques avails himself of the jurisdiction of this Court.

5.    Plaintiff Thomas Bello is a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent.  Plaintiff Thomas Bello is a citizen and resident of Florida.  By bringing this action, Plaintiff Thomas Bello avails himself of the jurisdiction of this Court.

[2]

6.      Plaintiff Jordan Pollack is a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent.  Plaintiff Jordan Pollack is a citizen and resident of Illinois.  By bringing this action, Plaintiff Jordan Pollack avails himself of the jurisdiction of this Court.

7.      Plaintiff Michael Apperson is a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent.  Plaintiff Michael Apperson is a citizen and resident of Kentucky.  By bringing this action, Plaintiff Michael Apperson avails himself of the jurisdiction of this Court.

8.      Plaintiff Aaron Pinkham is a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent.  Plaintiff Aaron Pinkham is a citizen and resident of Massachusetts.  By bringing this action, Plaintiff Aaron Pinkham avails himself of the jurisdiction of this Court.

9.      Plaintiff Andrew Schweig is a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent.  Plaintiff Andrew Schweig is a citizen and resident of Massachusetts.  By bringing this action, Plaintiff Andrew Schweig avails himself of the jurisdiction of this Court.

10.     Plaintiff Alden Randall is a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent.  Plaintiff Alden Randall is a citizen and resident of Minnesota.  By bringing this action, Plaintiff Alden Randall avails himself of the jurisdiction of this Court.

11.     Plaintiff Michael Ranton is a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent.  Plaintiff Michael Ranton is a citizen and resident of Missouri.  By bringing this action, Plaintiff Michael Ranton avails

[3]

himself of the jurisdiction of this Court.

12.    Plaintiff Brandon Pettit is a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent.  Plaintiff Brandon Pettit is a citizen and resident of Nevada.  By bringing this action, Plaintiff Brandon Pettit avails himself of the jurisdiction of this Court.

13.    Plaintiff Thomas Rodriguez is a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent.  Plaintiff Thomas Rodriguez is a citizen and resident of New Jersey.  By bringing this action, Plaintiff Thomas Rodriguez avails himself of the jurisdiction of this Court.

14.    Plaintiff Bilal Awadallah is a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent.  Plaintiff Bilal Awadallah is a citizen and resident of New York.  By bringing this action, Plaintiff Bilal Awadallah avails himself of the jurisdiction of this Court.

15.    Plaintiff Izaak Kemp is a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent.  Plaintiff Izaak Kemp is a citizen and resident of Ohio.  By bringing this action, Plaintiff Izaak Kemp avails himself of the jurisdiction of this Court.

16.    Plaintiff Thomas Cox is a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent.  Plaintiff Thomas Cox is a citizen and resident of Pennsylvania.  By bringing this action, Plaintiff Thomas Cox avails himself of the jurisdiction of this Court.

17.    Plaintiff Mark Laroche is a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent.  Plaintiff Mark Laroche is a citizen

[4]

and resident of Rhode Island. By bringing this action, Plaintiff Mark Laroche avails himself of the jurisdiction of this Court.

18.    Plaintiff Travis Henley is a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent. Plaintiff Travis Henley is a citizen and resident of South Carolina. By bringing this action, Plaintiff Travis Henley avails himself of the jurisdiction of this Court.

19.    Plaintiff Ian Nytes is a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent. Plaintiff Ian Nytes is a citizen and resident of Wisconsin. By bringing this action, Plaintiff Ian Nytes avails himself of the jurisdiction of this Court.

20.    Plaintiff Mitchell Levy is a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent. Plaintiff Mitchell Levy is a citizen and resident of Maryland. By bringing this action, Plaintiff Mitchell Levy avails himself of the jurisdiction of this Court.

21.    Plaintiff Ulises Moreno-Ortega is a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent. Plaintiff Ulises Moreno-Ortega is a citizen and resident of Utah. By bringing this action, Plaintiff Ulises Moreno-Ortega avails himself of the jurisdiction of this Court.

22.    Plaintiff James Lea is a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent. Plaintiff James Lea is a citizen and resident of Texas. By bringing this action, Plaintiff James Lea avails himself of the jurisdiction of this Court.

23.    Plaintiff Charles DeCelles is a confirmed purchaser of WSME that had his sales

[5]

contract canceled by Defendants without his consent. Plaintiff Charles DeCelles is a citizen and resident of Arizona. By bringing this action, Plaintiff Charles DeCelles avails himself of the jurisdiction of this Court.

24.     Plaintiff Cameron Burger is a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent. Plaintiff Cameron Burger is a citizen and resident of Virginia. By bringing this action, Plaintiff Cameron Burger avails himself of the jurisdiction of this Court.

25.     Plaintiff Nathan Kujacznski is a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent. Plaintiff Nathan Kujacznski is a citizen and resident of Michigan. By bringing this action, Plaintiff Nathan Kujacznski avails himself of the jurisdiction of this Court.

26.     Plaintiff Michael Lee is a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent. Plaintiff Michael Lee is a citizen and resident of Virginia. By bringing this action, Plaintiff Michael Lee avails himself of the jurisdiction of this Court.

27.     Plaintiff Jared Liebowitz is a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent. Plaintiff Jared Liebowitz is a citizen and resident of Pennsylvania. By bringing this action, Plaintiff Jared Liebowitz avails himself of the jurisdiction of this Court.

28.     Plaintiff Aaron Smith a confirmed purchaser of WSME that had his sales contract canceled by Defendants without his consent. Plaintiff Aaron Smith is a citizen and resident of Washington. By bringing this action, Plaintiff Aaron Smith avails himself of the jurisdiction of this Court.

[6]

29.    Hasbro is a corporation registered to do business in Georgia that is subject to the jurisdiction of this Court.  Hasbro may be served through its registered agent, C T Corporation System, at 289 S Culver St, Lawrenceville, GA, 30046.  Venue is proper as to Hasbro because it maintains a registered office in Gwinnett County.  Hasbro is further subject to the jurisdiction of the Court for, among others, the following reasons:

29.1    A nonresident defendant is subject to personal jurisdiction under the Georgia long-arm statute by virtue of doing business in Georgia, by contracting with Georgia residents pursuant to contracts to be performed in part in Georgia, and/or by committing torts where one or more elements of the tort occurred in Georgia.  Hasbro has engaged in such business in Georgia.

29.2    It knowingly, intentionally, and deliberately placed WSME into the stream of commerce under circumstances such that Hasbro should reasonably anticipate being haled into court in Georgia to answer claims about the sale of its product in Georgia.

29.3    It regularly does business in Georgia, solicits business in Georgia, derives substantial revenue from goods or services in Georgia, derives substantial revenue from Georgia residents via internet sales, has agents or representatives or officers or employees in Georgia, maintains an office in Georgia, and has subsidiaries or business affiliates in Georgia.

29.4    It places its products into the stream of commerce by targeting Georgia consumers through approved distributors in the State.

[7]

29.5   It has come into the courts of Georgia, without ever claiming a lack of jurisdiction, to answer claims about its products in Georgia.

29.6   It has been a party seeking relief or review in cases where it has purposefully availed itself of the jurisdiction of the courts of Georgia.

29.7   It has a regular plan for the distribution of its products in Georgia with the goal of achieving a commercial benefit from the sale of products in Georgia.

29.8   It engages in national marketing of its products that intentionally pervade into the Georgia market.

29.9   It targets marketing specific to Georgia.

29.10  It oversees aspects of its products from within Georgia.

29.11  It holds patents and trademarks which it demands must be honored in Georgia.

29.12  It has contractual agreements with Georgia companies to use its trademarks in Georgia, specifically including Magic the Gathering and WSME.

29.13  It has purposefully availed itself of the privilege and benefits of conducting business in Georgia.

29.14  Its negligent acts both inside and outside Georgia caused injury within Georgia.

29.15  The claims in this action are connected with and/or relate to its extensive contacts with Georgia.

[8]

29.16   Georgia has an interest in adjudicating this dispute which occurred, at least
in part, in Georgia, and which involved actions that caused harm to
Georgia residents.

29.17   Allowing Hasbro to escape jurisdiction would improperly allow Hasbro to
wield the Due Process Clause as a territorial shield to avoid interstate
obligations that Hasbro has voluntarily assumed.

30.     Wizards is a limited liability company incorporated in Delaware. Wizards may be
served through its registered agent The Corporation Trust Company at 1209 Orange St,
Wilmington, DE 19801. Venue is proper as to Wizards because it is a joint tortfeasor
with one or more Defendants that reside in Gwinnett County. Wizards is further subject
to the jurisdiction of the Court for, among others, the following reasons:

30.1    A nonresident defendant is subject to personal jurisdiction under the
Georgia long-arm statute by virtue of doing business in Georgia, by
contracting with Georgia residents pursuant to contracts to be performed
in part in Georgia, and/or by committing torts where one or more elements
of the tort occurred in Georgia. Wizards has engaged in such
business in Georgia.

30.2    It knowingly, intentionally, and deliberately placed WSME into the stream
of commerce under circumstances such that Wizards should
reasonably anticipate being haled into court in Georgia to answer claims
about the sale of its product in Georgia.

30.3    It regularly does business in Georgia, solicits business in Georgia, derives
substantial revenue from goods or services in Georgia, derives substantial

[9]

revenue from Georgia residents via internet sales, has agents or representatives or officers or employees in Georgia, maintains an office in Georgia, and has subsidiaries or business affiliates in Georgia.

30.4    It places its products into the stream of commerce by targeting Georgia consumers through approved distributors in the State.

30.5    It has a regular plan for the distribution of its products in Georgia with the goal of achieving a commercial benefit from the sale of products in Georgia.

30.6    It engages in national marketing of its products that intentionally pervade into the Georgia market.

30.7    It targets marketing specific to Georgia.

30.8    It oversees aspects of its products from within Georgia.

30.9    It holds patents and trademarks which it demands must be honored in Georgia.

30.10   It has contractual agreements with Georgia companies to use its trademarks in Georgia, specifically including Magic the Gathering and WSME.

30.11   It has purposefully availed itself of the privilege and benefits of conducting business in Georgia.

30.12   Its negligent acts both inside and outside Georgia caused injury within Georgia.

30.13   The claims in this action are connected with and/or relate to its extensive contacts with Georgia.

[10]

30.14   Georgia has an interest in adjudicating this dispute which occurred, at least

in part, in Georgia, and which involved actions that caused harm to

Georgia residents.

30.15   Allowing Wizards to escape jurisdiction would improperly allow Wizards

to wield the Due Process Clause as a territorial shield to avoid interstate

obligations that Wizards has voluntarily assumed.

II.    STATEMENT OF FACTS

31.    On or about April 18, 2019, Hasbro and Wizards announced the sale of WSME on

its website.  According to the announcement, WSME is limited to 12,000 units and would

be sold exclusively on "Hasbro's eBay store starting Wednesday, May 1 at 3 p.m. ET

(noon PT/8 p.m. GMT).  Limit 2 per person.  There will be no reprints of War of the

Spark Mythic Edition—once it's gone, it's gone."[1]

32.    On May 1, 2019, each Plaintiff purchased one or more units of WSME from

Defendants using Defendants' eBay store.

33.    On or about May 1, 2019, each Plaintiff received written confirmation of their

purchase of units of WSME from Defendants' eBay store.  (Representative copy attached

as Exhibit 1).

34.    On May 1, 2019, each Plaintiff transferred payment to Defendants for units of

WSME at the listed price.

35.    On or about May 1, 2019, each Plaintiff received written confirmation that their

payment for units of WSME at the listed price was accepted by Defendants.

(Representative copy attached as Exhibit 2).

---

[1] https://magic.wizards.com/en/articles/archive/news/war-spark-mythic-edition-2019-04-18

36.     Each Plaintiff had a valid contract with Defendants for the purchase of WSME at the listed price.

37.     Each Plaintiff later received notification that Defendants had breached their contract with Plaintiffs and unilaterally canceled their purchase of units of WSME without their consent.

38.     When Plaintiffs received notice that Defendants had breached their sales contract, the fair market value of WSME had increased substantially.

39.     Due to Defendants' actions, Plaintiffs were denied the benefit of their purchase.

40.     Due to Defendants' actions, Plaintiffs' only option is to purchase units of WSME at its substantially higher fair market price from third-party sellers.

41.     Defendants have not refunded some or all of the Plaintiffs' purchase money as of May 10, 2019.

III.     CLASS ACTION ALLEGATIONS

42.     Plaintiffs bring this action as a class action pursuant to O.C.G.A. § 9-11-23, Individually, and on behalf of the following classes:

    1.     All residents of the United States that had a confirmed purchase of WSME from Defendants' eBay store and who then subsequently had their purchase canceled by, or at the request of, Defendants;

    2.     A subclass of all residents of Georgia that had a confirmed purchase of WSME from Defendants' eBay store and who then subsequently had their purchase canceled by, or at the request of, Defendants (Erler subclass);

    3.     A subclass of all residents of Hawaii that had a confirmed purchase of WSME from Defendants' eBay store and who then subsequently had their

[12]

purchase canceled by, or at the request of, Defendants (Shindo subclass);

4.    A subclass of all residents of California that had a confirmed purchase of WSME from Defendants' eBay store and who then subsequently had their purchase canceled by, or at the request of, Defendants (Moren subclass);

5.    A subclass of all residents of Colorado that had a confirmed purchase of WSME from Defendants' eBay store and who then subsequently had their purchase canceled by, or at the request of, Defendants (Jaques subclass);

6.    A subclass of all residents of Florida that had a confirmed purchase of WSME from Defendants' eBay store and who then subsequently had their purchase canceled by, or at the request of, Defendants (Bello subclass);

7.    A subclass of all residents of Illinois that had a confirmed purchase of WSME from Defendants' eBay store and who then subsequently had their purchase canceled by, or at the request of, Defendants (Pollack subclass);

8.    A subclass of all residents of Kentucky that had a confirmed purchase of WSME from Defendants' eBay store and who then subsequently had their purchase canceled by, or at the request of, Defendants (Apperson subclass);

9.    A subclass of all residents of Massachusetts that had a confirmed purchase of WSME from Defendants' eBay store and who then subsequently had their purchase canceled by, or at the request of, Defendants (Pinkham-Schweig subclass);

10.    A subclass of all residents of Minnesota that had a confirmed purchase of WSME from Defendants' eBay store and who then subsequently had

[13]

their purchase canceled by, or at the request of, Defendants (Randall subclass);

11.    A subclass of all residents of Missouri that had a confirmed purchase of WSME from Defendants' eBay store and who then subsequently had their purchase canceled by, or at the request of, Defendants (Ranton subclass);

12.    A subclass of all residents of Nevada that had a confirmed purchase of WSME from Defendants' eBay store and who then subsequently had their purchase canceled by, or at the request of, Defendants (Pettit subclass);

13.    A subclass of all residents of New Jersey that had a confirmed purchase of WSME from Defendants' eBay store and who then subsequently had their purchase canceled by, or at the request of, Defendants (Rodriguez subclass);

14.    A subclass of all residents of New York that had a confirmed purchase of WSME from Defendants' eBay store and who then subsequently had their purchase canceled by, or at the request of, Defendants (Awadallah subclass);

15.    A subclass of all residents of Ohio that had a confirmed purchase of WSME from Defendants' eBay store and who then subsequently had their purchase canceled by, or at the request of, Defendants (Kemp subclass);

16.    A subclass of all residents of Pennsylvania that had a confirmed purchase

[14]

of WSME from Defendants' eBay store and who then subsequently had their purchase canceled by, or at the request of, Defendants (Cox-Liebowitz subclass);

17.    A subclass of all residents of Rhode Island that had a confirmed purchase of WSME from Defendants' eBay store and who then subsequently had their purchase canceled by, or at the request of, Defendants (Laroche subclass);

18.    A subclass of all residents of South Carolina that had a confirmed purchase of WSME from Defendants' eBay store and who then subsequently had their purchase canceled by, or at the request of, Defendants (Henley subclass);

19.    A subclass of all residents of Wisconsin that had a confirmed purchase of WSME from Defendants' eBay store and who then subsequently had their purchase canceled by, or at the request of, Defendants (Nytes subclass);

20.    A subclass of all residents of Maryland that had a confirmed purchase of WSME from Defendants' eBay store and who then subsequently had their purchase canceled by, or at the request of, Defendants (Levy subclass);

21.    A subclass of all residents of Utah that had a confirmed purchase of WSME from Defendants' eBay store and who then subsequently had their purchase canceled by, or at the request of, Defendants (Moreno-Ortega subclass);

[15]

22.    A subclass of all residents of Texas that had a confirmed purchase of WSME from Defendants' eBay store and who then subsequently had their purchase canceled by, or at the request of, Defendants (Lea subclass);

23.    A subclass of all residents of Arizona that had a confirmed purchase of WSME from Defendants' eBay store and who then subsequently had their purchase canceled by, or at the request of, Defendants (DeCelles subclass);

24.    A subclass of all residents of Virginia that had a confirmed purchase of WSME from Defendants' eBay store and who then subsequently had their purchase canceled by, or at the request of, Defendants (Burger subclass);

25.    A subclass of all residents of Michigan that had a confirmed purchase of WSME from Defendants' eBay store and who then subsequently had their purchase canceled by, or at the request of, Defendants (Kujacznski subclass); and

26.    A subclass of all residents of Washington that had a confirmed purchase of WSME from Defendants' eBay store and who then subsequently had their purchase canceled by, or at the request of, Defendants (Smith subclass).

43.    Excluded from the class are Defendants, as well as Defendants' employees, affiliates, officers, and directors, and the Judge presiding over this case.  Plaintiffs reserve the right to amend the definition of the class if discovery and/or further investigation reveals that the class definition should be expanded or otherwise modified.

44.    **Numerosity / Impracticality of Joinder**:  The members of the class are so numerous that joinder of all members would be impractical.  The members of the class

[16]

are easily and readily identifiable from information and records in Defendants' possession, control, or custody.  Plaintiffs do not know the number of persons in the United States who purchased WSME but reasonably believe that there are more than one hundred persons in each of the proposed classes.

45.     **Commonality and Predominance**:  There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting the individual members of the class.  These common legal and factual questions, which exist without regard to the individual circumstances of any class member, include, but are not limited to, the following:

      a.     Whether Defendants breached a contractual agreement to provide units of WSME at the listed price;

      b.     Whether Defendants breached their duty of good faith and fair dealing by canceling a contractual agreement to provide units of WSME at the listed price;

      c.     Whether Defendants breached their duties of ordinary care by failing to appropriately manage its sale of WSME on their eBay store;

      d.     Whether Defendants breached their duties of ordinary care by failing to appropriately monitor its sale of WSME on their eBay store; and

      e.     Whether Defendants breached their duties of ordinary care by failing to promptly notify individuals that purchased WSME of problems with their purchase.

[17]

46.    **Typicality**: Plaintiffs' claims are typical of the class claims in that Plaintiffs and the class members were all denied the benefit of their purchase when Defendants canceled their sales contract without their consent. As such, Plaintiffs' claims arise from the same practices and course of conduct that give rise to the class claims, and Plaintiffs' claims are based upon the same legal theories as the class claims.

47.    **Adequacy**: Plaintiffs will fully and adequately protect the interests of the members of the class and has retained class counsel who are experienced and qualified in prosecuting class actions, including consumer class actions and other forms of complex litigation. Neither the Plaintiffs nor their counsel have interests which are contrary to, or conflicting with, those interests of the class.

48.    **Superiority**: A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because it is economically impracticable for members of the classes to prosecute individual actions; prosecution as a class action will eliminate the possibility of repetitious and redundant litigation; and a class action will enable claims to be handled in an orderly and expeditious manner.

## COUNT 1: BREACH OF CONTRACT

49.    By listing WSME on their eBay store with a "buy it now" price, Defendants made an offer to sell WSME to individuals at the listed price.

50.    EBay's terms of service specifically state that, when an offer for an item is accepted, it creates a legally binding contract:

- You enter into a legally binding contract to purchase an item when you commit to buy an item, your offer for an item is accepted, or if you have the winning bid (or your bid is otherwise accepted),

51.    Defendants agreed to eBay's terms of service when they agreed to sell WSME on

[18]

their eBay store.

52.     All parties agreed to abide by eBay's user agreement before using eBay's services.

53.     Defendants made an offer by listing WSME with the "Buy It Now" option and invited anyone who clicked the "Buy It Now" button to enter into a contract.

54.     Plaintiffs, and all those similarly situated, accepted Defendants' invitation by clicking the "Buy It Now" button, thereby entering into a "legally binding contract" pursuant to eBay's user agreement.

55.     Defendants' eBay listing contained all of the agreement's terms and the consideration, namely, that Plaintiffs, and all those similarly situated, would receive WSME and Defendants would receive $249.99, minus a commission from eBay.

56.     Plaintiffs, and all those similarly situated, received written confirmation of their purchase of units of WSME from Defendants.

57.     Plaintiffs, and all those similarly situated, received written confirmation that their offer to purchase units of WSME was accepted by Defendants.

58.     Plaintiffs and all those similarly situated, received written confirmation that their payment to Defendants for units of WSME was accepted by Defendants.

59.     Under these circumstances, Plaintiffs, and all those similarly situated, entered into a legally binding contract with Defendants for the sale of units of WSME at the listed price.

60.     Under eBay's Terms of Service, cancellation is authorized if both parties to the contract consent to the cancellation.  Under such circumstances, neither party will be charged for the transaction.

61.     Plaintiffs did not consent to cancelling the contract.

62.    Because Plaintiffs, and all those similarly situated, had a legally binding contract for the purchase of units of WSME at the listed price, Defendants were not permitted to unilaterally cancel these confirmed purchases.

63.    Defendants' decision to cancel Plaintiffs' purchase of units of WSME was a breach of the legally binding contract between Defendants and Plaintiffs for the sale of units of WSME at the listed price.

64.    Due to Defendants' actions, Plaintiffs, and all those similarly situated, were denied the benefit of their bargain.

65.    Due to Defendants' actions, Plaintiffs, and all those similarly situated, can now only obtain units of WSME at its substantially higher fair market value.

66.    As a direct and proximate result of Defendants' actions, Plaintiffs, and all those similarly situated, incurred damages, and, as such, Plaintiffs, and all those similarly situated, are entitled to recover damages in an amount equal to the fair market value of their purchase.

## COUNT 2: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

67.    By listing WSME on their eBay store with a "buy it now" price, Defendants made an offer to sell WSME to individuals at the listed price.

68.    EBay's terms of service specifically state that, when an offer for an item is accepted, it creates a legally binding contract:

- You enter into a legally binding contract to purchase an item when you commit to buy an item, your offer for an item is accepted, or if you have the winning bid (or your bid is otherwise accepted),

69.    Defendants agreed to eBay's terms of service when they agreed to sell WSME on their eBay store.

[20]

70.    All parties agreed to abide by eBay's user agreement before using eBay's services.

71.    Defendants made an offer by listing WSME with the "Buy It Now" option and invited anyone who clicked the "Buy It Now" button to enter into a contract.

72.    Plaintiffs, and all those similarly situated, accepted Defendants' invitation by clicking the "Buy It Now" button, thereby entering into a "legally binding contract" pursuant to eBay's user agreement.

73.    Defendants' eBay listing contained all the agreement's terms and the consideration, namely, that Plaintiffs, and all those similarly situated, would receive WSME and Defendants would receive $249.99, minus a commission from eBay.

74.    Plaintiffs, and all those similarly situated, received written confirmation of their purchase of units of WSME from Defendants

75.    Plaintiffs, and all those similarly situated, received written confirmation that their offer to purchase units of WSME was accepted by Defendants.

76.    Plaintiffs, and all those similarly situated, received written confirmation that their payment to Defendants for units of WSME was accepted by Defendants.

77.    Under these circumstances, Plaintiffs, and all those similarly situated, entered into a legally binding contract with Defendants for the sale of units of WSME at the listed price.

78.    Under eBay's Terms of Service, cancellation is authorized if both parties to the contract consent to the cancellation. Under such circumstances, neither party will be charged for the transaction.

79.    Plaintiffs did not consent to cancelling the contract.

80.    Every contract imposes an obligation of good faith and fair dealing in its

[21]

performance and enforcement.

81.    Because Plaintiffs, and all those similarly situated, had a legally binding contract for the purchase of units of WSME at the listed price, Defendants were not permitted to unilaterally cancel these confirmed purchases.

82.    Defendants' decision to cancel Plaintiffs's purchase of units of WSME was a breach of Defendants' duty of good faith and fair dealing that was implied in its contract with Plaintiffs for the sale of units of WSME at the listed price.

83.    Due to Defendants' actions, Plaintiffs, and all those similarly situated, were denied the benefit of their bargain.

84.    Due to Defendants' actions, Plaintiffs, and all those similarly situated, can now only obtain units of WSME at its substantially higher fair market value.

85.    As a direct and proximate result of Defendants' actions, Plaintiffs, and all those similarly situated, incurred damages, and, as such, Plaintiffs, and all those similarly situated, are entitled to recover damages in an amount equal to the fair market value of their purchase.

## COUNT 3: NEGLIGENCE

86.    Defendants had a duty of ordinary care to ensure that: (1) its eBay store was managed properly; (2) its listing for the sale of WSME was setup properly; (3) its sale of WSME was properly monitored; and (4) purchasers of WSME were promptly notified of any problems with their purchase.

87.    Defendants breached their duty of ordinary care by:

    (1)    Failing to properly manage its eBay store during the sale of WSME;

    (2)    Failing to properly list the sale of WSME on its eBay store;

[22]

(3)    Failing to properly monitor the sale of WSME on its eBay store;
and

(4)    Failing to promptly notify purchasers of WSME of problems with
their purchase.

88.    Due to Defendants' actions, Plaintiffs, and all those similarly situated, were

denied the benefit of their bargain.

89.    Due to Defendants' actions, Plaintiffs, and all those similarly situated, can now

only obtain units of WSME at its substantially higher fair market value.

90.    As a direct and proximate result of Defendants' actions, Plaintiffs, and all those

similarly situated, incurred damages, and, as such, Plaintiffs, and all those similarly

situated, are entitled to recover damages in an amount to equal to the fair market value of

their purchase.

IV.    JURY DEMAND

91.    Plaintiffs demand a trial by jury for all claims.

V.    DAMAGES AND PRAYER FOR RELIEF

92.    Plaintiffs pray for the following relief:

a.    An order certifying this action as a class action, appointing Plaintiffs as

class representative, and appointing Plaintiffs' counsel as lead class

counsel;

b.    All compensatory damages on all applicable claims in an amount to be

proven at trial and allowed by law; and

c.    All other and further relief that the Court deems appropriate and just under

the circumstances.

[23]

This 10th day of May 2019.

**WERNER WETHERINGTON, P.C.**

*/s/ Matthew Q. Wetherington*
MATTHEW Q. WETHERINGTON
  Georgia Bar No. 339639
ROBERT N. FRIEDMAN
  Georgia Bar No. 945494

2860 Piedmont Rd., NE
Atlanta, GA 30305
770-VERDICT
matt@wernerlaw.com
robert@wernerlaw.com

[24]